UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID LEROY CUNNINGHAM,<br><br>        Petitioner,<br><br>  vs.<br><br>AIRWAY HEIGHTS CORRECTIONS CENTER and MAGGIE MILLER-STOUT,<br><br>        Respondents. | NO.  CV-07-075-LRS<br><br>ORDER DISMISSING PETITION |

    By Order filed April 12, 2007, the court advised Petitioner of the deficiencies of his Petitioner and directed him to amend within sixty (60) days.  Specifically the court directed that Petitioner's claims regarding the conditions of his confinement needed to be brought in a separate civil rights action; his claims challenging a conviction in the Western District of Washington needed to be presented in that district; and he needed to present proof the Ninth Circuit Court of Appeals had authorized him to file a second or successive petition challenging 1993 Lincoln County conviction for Second Degree Murder.

    Petitioner did not amend.  Instead, he filed a series of letters (Ct. Recs. 12, 14, 15, 16, 17, 18, 20 and 21).  These letters are not responsive to the directive that Petitioner amend.  Rather, Petitioner

ORDER DISMISSING PETITION -- 1

submits copies of other letters complaining of law library access, access to photo copies, and disciplinary proceedings.  Petitioner is advised the United States District Court, Eastern District of Washington, is not an appellate court to review prison disciplinary proceedings.  If Petitioner wishes to challenge disciplinary procedures which resulted in the loss of good time credits, he may file a separate habeas action after he has exhausted state court remedies.  If Petitioner wishes to challenge other disciplinary procedures, he would need to file a separate civil rights action in which he complies with all filing fee and exhaustion requirements.  This habeas action brought pursuant to 28 U.S.C. § 2241 and 2254 is not the appropriate venue for resolving all Petitioner's issues.

    To the extent some of Petitioner's letters are addressed to the underlying judicial officer, Petitioner is advised it is inappropriate to correspond directly with a judicial officer and/or his staff.  Rather, a prisoner wishing to make a request of the court must do so in the form of a motion which is properly noted for hearing in a case pending before the court as required by LR 7.1(h), Local Rules for the Eastern District of Washington.  Failure to properly file a motion may result in failure to consider Petitioner's requests.

    At this time, Petitioner has failed to produce proof the Ninth Circuit Court of Appeals has authorized him to file a second or successive habeas petition challenging his 1993 Lincoln County conviction under 28 U.S.C. § 2244(b)(3)(A).  Petitioner was cautioned that failure to amend as directed would result in dismissal of the petition.  Although granted the opportunity to do so, Petitioner did

ORDER DISMISSING PETITION -- 2

not file an amended petition which contains sufficient facts to establish federal subject-matter jurisdiction. Accordingly, **IT IS ORDERED** this action is **DISMISSED** for failure to comply with the provisions of 28 U.S.C. § 2244(b)(3)(A) and without prejudice to Petitioner pursuing his Clallam County claims in the Western District of Washington or his civil rights claims in a separate action under 42 U.S.C. § 1983.

    **IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Petitioner, and close the file.

    **DATED** this ___29th___ day of June, 2007.

                                    *s/Lonny R. Suko*

                              LONNY R. SUKO
                      UNITED STATES DISTRICT JUDGE

ORDER DISMISSING PETITION -- 3